UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| RAJOHINE JOHNSON,　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | **VERIFIED COMPLAINT** |
| 　　　　　　　　　Plaintiff,　　　　　　　　　　　) | **JURY TRIAL** |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | **DEMANDED** |
| -against-　　　　　　　　　　　　　　　　　　　 ) | **CIVIL ACTION No. :** |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | **22-CV-4450** |
| THE CITY OF NEWBURGH,　　　　　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | |
| CHIEF POLICE ANTHONY GERACI,　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | |
| POLICE OFFICER  KEVIN JODICE,　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | |
| INDIVIDUALLY,　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | |
| And as Employees of the City of Newburgh Police Department, ) | |
| 　　　　　　　　　　　　　　　　　　　　　　　　) | |
| THE MID HUDSON NEWS (Individually),　　　　　　) | |

　　　　　　　Defendants.

_____

Plaintiff, by and through his attorney, Ryanne Konan, complaining of the defendants , respectfully as follows:

## NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of unreasonable seizure, excessive use of force, defamation, fabrication of evidence, when the City of Newburgh, through Chief Police Anthony Geraci, and Police Officer Kevin Jodice, unreasonable seizure, excessive use of force, defamation, fabrication of evidence,  on September 7, 2021, without probable cause, thereby violating Plaintiff's constitutional rights under the United States Constitution and the State of New York Constitution.

1

## JURISDICTION AND VENUE

2. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution 42 U.S.C. §§ 1983 and 1988, Article I, §12 of the New York State Constitution, and New York common law.

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

5. The City of Newburgh was given timely notice of this claim under New York Municipal Law by notice of claim on November 24, 2021.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38 (b).

## PARTIES

7. Rajohine Johnson is a resident of City of Poughkeepsie, New York.

8. Defendant, City of Newburgh is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City of Newburgh, acting through the City of Newburgh Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Newburgh Police Department Matters and its officers, and was responsible for the appointment, training, supervision, and conduct of all City of Newburgh Police Department Personnel. In addition, at all relevant times, the City of Newburgh was responsible for enforcing the rules of the City of Newburgh Police Department and for ensuring that the City of Newburgh Police Department Personnel obeys the laws of the United

2

States and those of the State of New York. The City of Newburgh is a municipal corporation with the right to sue and be sued. It is responsible for the policies and procedures of the City of Newburgh and the police officers it employs.

9. Defendant Kevin Jodice was a police officer at the City of Newburgh Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Kevin Jodice had an office at 55 Broadway, Newburgh, NY 12550.

10. Defendant Anthony Geraci was the Chief police of the City of Newburgh Police Department at the time of the incident and upon information and belief, a citizen of New York. Chief Police Anthony Geraci had an office at 55 Broadway, Newburgh, NY 12550.

11. Defendant Mid Hudson News is an official communication organ that has a wide circulation throughout the Mid-Hudson area, New York State, the USA, and the world. Mid Hudson News has an address at 42 Marcy Ln in Middletown, New York 10941.

## FACTUAL ALLEGATIONS

12. On September 7, 2021 approximately at 1:00 am , Plaintiff was leaving the premises of 168 Chamber Street, where Plaintiff played music as a DJ. Plaintiff got on his Honda CBR 600RR Motorcycle, and proceeded to his home located at 170 Grand Street, Newburgh.

13. As Plaintiff pulled up to the traffic light at the intersection of South Street, and Liberty Street, Plaintiff made a right turn heading down Liberty Street. This is when Plaintiff heard a loud engine behind him. Plaintiff thought it was someone trying to pass him.

14. When Plaintiff reached Catherine Street, he indicated and made a left turn. To Plaintiff's surprise, the vehicle was still behind him, following him. Plaintiff got very scared because he taught someone was following or tailgating him. Plaintiff did not know who it was, and the vehicle did not indicate at any time that it was a police vehicle.

15. Upon reaching the T junction of Catherine Street, and Grand Street, Plaintiff made another left turn onto Grand Street. At that time, Plaintiff noticed that he was still followed by the said vehicle. Plaintiff then accelerated, and passed his address. Plaintiff's wife was parked at 170 Grand Street, waiting for Plaintiff. Plaintiff passed his wife as well because he was so scared.

16. Upon reaching to the intersection of Grand Street and South Street, Plaintiff stopped where the roadway was clear and proceeded along Grand Street, and when Plaintiff reached the T. Junction at Grand Street and North Plank Road, he made another left turn when suddenly he saw in his rear-view mirror, lights flashing.

17. Plaintiff tried to slow down when he felt the rear of his motorcycle tire feeling like it was hit by the car behind him, causing Plaintiff to crash, and lose consciousness. Plaintiff regained consciousness at St. Luke's Hospital where he was admitted into the ICU Unit.

18. Plaintiff suffered a liver hematoma and contusion, a closed comminuted Fracture of the right humerus, closed Fracture of my left Tibial Plateau also a closed Fracture of left tibial plateau, and also Fracture of right Lilac Wing Fracture of multiple Public Rami.

19. On the 23rd of September 2021, Officer Kevin Jodice visited Plaintiff, red Plaintiff his miranda rights. Plaintiff declined to answer any questions.

20. On or about September 8, 2021,Chief Police Geraci and Officer Kevin Jodice reported to several newspapers, included but not limited to Mid Hudson News, that Plaintiff was the culprit in a robbery at a gas station , precisely the Gulf Gas station on Rte 9 W, on September 7 at 12:55 am in the Town of Newburgh.

21. Further, the officers reported that Plaintiff's motorcycle had committed several traffic infractions. In addition, the police chief informed Plaintiff fled from the police officers.

22. Furthermore, the chief police and Kevin Jodice informed that a semi 9 mm handgun loaded with 16 bullets was found at the crash scene.

23. The Mid hudson News published the story with the loaded pistol, with Plaintiff's entire and full name on September 9, 2021 at 5:36 am.

24. Plaintiff was falsely accused, his motorcycle was hit or cause to crash by the police officers, and untrue information about Plaintiff was released to the press. The police chief and officer Kevin Jodice acted within the scope of their employment as police officers.

25. Additionally, the officers fabricated evidence in order to trash Plaintiff's reputation. The officers stated that Plaintiff had a handgun; and the officers gave a photograph of the pistol to the newspapers, which they published to the public. Charges were never brought against Plaintiff.

26. Plaintiff did not have a pistol, and no pistol was found at the scene. The officers acted with malice, and destroyed Plaintiff's reputation thereby portraying Plaintiff as a violent criminal.

27. As a direct and proximate result of Defendants' unreasonable seizure, excessive use of force, defamation, fabrication of evidence, Plaintiff has suffered physical and reputational injury,

deprivation of liberty, loss of wages, loss of job opportunity, loss of career, attorney's fees, and severe emotional harm.

28. Plaintiff, filed a sworn notice of claim on or about November 24, 2021, within 90 days after the claims alleged herein arose. The notice was served on Defendants by hand on or about November 24, 2021.

29. Defendant, City of Newburgh scheduled a 50-h examination on February 3, 2022.

30. At least 30 days has elapsed since Plaintiff served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

31. That this action was commenced within 1 year and 90 days of the date in which the 50-h was held.

## FOR THE FIRST CAUSE OF ACTION
## FOURTH AMENDMENT-UNREASONABLE SEIZURE-ARREST WITHOUT PROBABLE CAUSE

(Against Police Officer Kevin Jodice)

32. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33. Officer Jodice lacked reasonable suspicion to stop Plaintiff and therefore lacked probable cause to arrest Plaintiff on the suspicion of robbery.

34. That Officer Jodice wrongfully and intentionally detained and falsely arrested Plaintiff.

35. That Police Officer Jodice used patrol police car to cause Plaintiff to stop.

36. The Officer Jodice followed Plaintiff's motorcycle at ahigh speed with no emergency lights on.

37. That Officer Jodice used his patrol car as a weapon to stop and arrest Plaintiff.

38. That Plaintiff was arrested without probable cause that he had committed robbery.

39. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. Plaintiff stated that he was innocent and should not be arrested.

**WHEREFORE** , Plaintiff , Rajohine Johnson seeks judgment against Officer Jodice in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SECOND CAUSE OF ACTION
## FOURTH AMENDMENT-UNREASONABLE SEIZURE-EXCESSIVE FORCE

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 32-39 of this Complaint with the same force and effect as if fully set forth herein.

41. That Officer Jodice used objectively unreasonable and excessive force in this detention and arrest of Plaintiff.

42. That the Officer Defendants used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

43. That the acts of Police Officer Jodice violated Plaintiff's right to be free from unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 USC § 1983.

**WHEREFORE** , Plaintiff , Rajohine Johnson seeks judgment against Officer Jodice in the amount of Two Million ($2,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE THIRD CAUSE OF ACTION
## COMMON LAW-ASSAULT AND BATTERY

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 40-43 of this Complaint with the same force and effect as if fully set forth herein.

45. By his words and acts, Police Officer Jodice threatened to do bodily harm to Plaintiff.

46. That by using excessive and unreasonable force, Officer Jodice caused harmful or offensive bodily act with Plaintiff.

47. That the aforesaid acts of the officer were taken within the scope of his employment.

48. That the unlawful acts of the officer were direct, proximate cause of Plaintiff's injuries.

**WHEREFORE** , Plaintiff , Rajohine Johnson seeks judgment against Officer Jodice in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE FOURTH CAUSE OF ACTION BASED ON FABRICATION OF EVIDENCE
Fabrication of Evidence
42 U.S.C. § 1983
(Against Police Officer Kevin Jodice and Chief Police Anthony Geraci)

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 44-48 of this Complaint with the same force and effect as if fully set forth herein.

50. That the officer defendants suspected Plaintiff of committing a robbery on September 7, 2021.

51. That the officer defendants realized the Plaintiff did not have any weapon or pistol on his person.

52. The officers reported to the newspapers and produced a picture of a pistol allegedly found on or near Plaintiff.

53. That the officers, maliciously, wanted to detain ,and confine Plaintiff for robbery.

54. That the officers knew that Plaintiff was not the suspect of the robberies.

55. The officers used the planted gun to make Plaintiff a suspect of robberies.

56. That the gun and the statement were likely to get Plaintiff to be suspected of robberies.

57. That the officers used the evidence of the gun to deprive Plaintiff's of his liberty.

58. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

59. By Using unnecessary and excessive force on Plaintiff, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

**WHEREFORE**, Plaintiff, Rajohine Johnson seeks judgment against the officers in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FIFTH CAUSE OF ACTION
Municipal Liability under 42 U.S.C. § 1983
(Against The City of Newburgh )

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 49-59 of this Complaint .

61. The Municipality at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizens' rights. Specifically, this policy ,custom or practice involves:

   a) The use of objectively unreasonable and excessive force on detainees, suspects of a crime, and arrestees.

   b) Arrests without probable cause, often only because the arrestee was protesting police conduct or did not want to cooperate.

   c) Overcharging arrestees with robbery when they were simply being uncooperative.

   d) The arrestees receiving serious injuries including but not limited to physical injuries and malicious criminal charges ,but the officers not being injured during such encounters.

   e) Prosecutors declining to pursue such charges, demonstrating that the charges were meritless.

f) The Municipality Police Department not sustaining citizen complaints if it is the word of the complainant against a police officer and only sustaining a complaint if the citizen has corroboration from another person, if at all.

The above-described policy, custom, or practice was the direct, proximate cause of Officer Jodice and Police Chief Geraci, violating Plaintiff's Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. 1983.

**WHEREFORE**, the Plaintiff seeks judgment against the Municipality in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE SIXTH CAUSE OF ACTION
### COMMON LAW-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Officer Jodice and Chief Geraci)

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 60-61 of this Complaint with the same force and effect as if fully set forth herein.

63. The conduct of the officers was extreme and outrageous and was intended to cause and did cause Plaintiff severe emotional distress.

64. The acts and omissions of the officers were taken within the scope of their employment by the City of Newburgh.

**WHEREFORE**, the Plaintiff seeks judgment against the Municipality, and the officers, in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

# FOR THE SEVENTH CAUSE OF ACTION
# DEFAMATION BASED UPON NEW YORK LAW
(Against Officer Jodice and Chief Geraci and Mid Hudson News)

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 62-64 of this Complaint with the same force and effect as if fully set forth herein.

66. That the officer defendants, Jodice and Geraci were acting within the scope of their employment.

67. That as the official communication organ of the Newburgh Police Department, the Mid Hudson News is a newspaper that has a wide circulation throughout the country and the word.

68. That the Mid Hudson News was and still a corporation organized under the laws of the State of New York.

69. That Officer Defendants and Mid Hudson News published, caused or allowed to be published an edition of the Mid Hudson News on the date of September 9, 2021, which erroneously, viciously, maliciously, and recklessly depicted Plaintiff as a robber, a criminal who had been arrested for committing several robberies in the Newburgh area.

70. That defendants depicted a black pistol additionally next to headlined that read" Gun recovered at crash scene."

71. That by placing Plaintiff's likeness with the above story and by so drawing him as an armed criminal , defendants have repeatedly depicted Plaintiff as a dangerous armed criminal.

72. That Defendants' publication regarding plaintiff is false in that Plaintiff has a clean record, and never committed any robbery nor did he ever possess any firearm.

73. That Defendants libeled Plaintiff.

74. That Defendants libeled Plaintiff per se.

75. Defendants libeled Plaintiff per se in that they effectively accused him of the commission of crimes; implied that Plaintiff was an armed criminal; exposed him to the hatred, contempt and aversion; and induced an unsavory opinion of Plaintiff in the minds of persons in the community.

76. Plaintiff is a private individual and is not a public figure.

77. Defendants published a falsehood.

78. Defendants acted with gross irresponsibility, and acted intentionally and deliberately with malice and ill will.

79. Defendants acted with a reckless disregard for the truth of the rights of plaintiff.

80. Defendants acted in a grossly irresponsible manner without due consideration for the standards of information gathering ordinarily followed by responsible parties.

81. As a result of defendants' defamatory acts, Plaintiff was damaged and he is still damaged.

82. Plaintiff was caused to lose face in his community, suffered humiliation, emotional distress, and was otherwise damaged.

83. That Defendants' actions rose to the level of impropriety meriting punitive damages.

84. The injuries and damages suffered by Plaintiff were caused by reason of the joint, several and concurrent acts and omissions of the defendants, their agents, servants, licenses and employees, in the ownership, operation, management, control and supervision of Mid Hudson News.

85. By reasons of Defendants' actions, Plaintiff was caused to sustain damage to his good name and reputation, and has been caused to suffer a humiliating experience and other emotional injury.

**WHEREFORE**, the Plaintiff seeks judgment against the Mid Hudson news, and the officers, in the amount of Three Million ($3,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all triable issues.

Dated: At Wappingers Falls, New York
May 28, 2022

By: ____/s/ryannekonan____

Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
Tel: (845) 309-3432
Fax: (845) 231-0508
RK2889