UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAJOHINE JOHNSON,                                  :
               Plaintiff,                    :
v.                                                 :
                                                   :
POLICE CHIEF ANTHONY GERACI,                       :     **ORDER**
individually and as employee of the City of        :
Newburgh Police Department; and POLICE             :     22 CV 4450 (VB)
OFFICER KEVIN JODICE, individually and as          :
employee of the City of Newburgh Police            :
Department,                                        :
               Defendants.                   :
--------------------------------------------------------------x

      Before the Court is defendants Anthony Geraci and Kevin Jodice's motion for reargument (Doc. #54) of the Court's Opinion and Order dated August 29, 2023 (Doc. #52 ("Opinion")), in which the Court granted in part and denied in part the Newburgh Defendants' motion to dismiss and granted the Mid Hudson News's motion to dismiss.

      "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also S.D.N.Y. Local Civ. R. 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

      The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

      Defendants argue the Court misapplied the law and overlooked facts in determining plaintiff plausibly alleges a deprivation of liberty interest to support his fabrication of evidence clam, because plaintiff fails plausibly to allege defendants initiated a prosecution or that plaintiff suffered any adverse consequences.

      The Court disagrees.

In the Opinion, the Court relied on the case defendants reference, Barnes v. City of New York, 68 F.4th 123 (2d Cir. 2023) ("Barnes").  Specifically, the Court emphasized that in Barnes, the Second Circuit observed, "the use of fabricated evidence in initiating a prosecution . . . may amount to a deprivation of liberty even in the absence of a conviction based on the fabricated evidence.  Id. at 129–30." (Opinion at 14) (emphasis added).  Likewise, here, plaintiff's first amended complaint plausibly alleges a prosecution was initiated against him because of defendants' alleged fabrication of evidence.

Drawing all reasonable inferences in plaintiff's favor, as required at this stage, he alleges:

(i)   "Officer Jodice had already charged Plaintiff with weapon possession and issued a desk appearance ticket [("DAT")] on September 7, 2021." (Doc. #32 ("FAC") ¶ 22);

(ii)  "On September 7, 2021, Officer Jodice charged Plaintiff with criminal possession of a weapon in the Third, and Fourth Degree in violation of New York Penal Law (NYPL) 265.02(1)(8) and issued a desk appearance ticket (DAT).  The DAT required Plaintiff to appear in court on September 21, 2021 at 9:00 AM." (Id. ¶ 28);

(iii) "That Police Officer Jodice drafted the accusatory instrument and signed it, to wit, a desk appearance ticket (DAT) charging Plaintiff of criminal possession of a weapon in the Third, and Fourth Degree in violation of New York Penal Law (NYPL) 265.02(1)(8)." (Id. ¶ 60); and

(iv)  "That Plaintiff was issued a DAT, requiring Plaintiff to appear in court, which restricted Plaintiff's liberty." (Id. ¶ 89).

In addition, the Court properly considered that plaintiff proffered a copy of the DAT dated September 7, 2021, and signed by Jodice, which required him to appear in Newburgh City Court on September 21, 2021.  (Doc. #46-1).

Defendants attempt to distinguish plaintiff's allegations from those in Barnes and cases to which Barnes cites by arguing those cases "all involved active prosecutions of the plaintiff." (Doc. #56 at 1–2).  In support, they argue plaintiff does not allege he actually appeared in court, was subject to pre-trial restrictions, retained counsel, or "took any affirmative steps to respond to or defend against the charges." (Id. at 2).  And defendants posit that because the press release on September 8, 2021, states no charges had yet been brought against plaintiff, it is "implausible" that plaintiff was charged on September 7, 2021, and any allegations that such charges were filed are "gutt[ed]." (Id. at 2–4).

Here, however, the press release is contradicted by the FAC and the DAT itself, both of which indicate plaintiff was charged on September 7.  Thus, at this stage, it is reasonable to infer a prosecution was initiated against plaintiff, such that he suffered a

deprivation of liberty to support a fabrication of evidence claim.  It may well be that no prosecution was thereafter pursued, but that assertion cannot be considered by the Court on a motion to dismiss.

Having carefully reviewed its earlier Opinion and defendants' brief, the Court concludes it did not overlook facts or precedent that might have altered the conclusions reached in the Opinion.  Accordingly, there is no need to correct a clear error, and defendants do not argue they suffered any manifest injustice.  That defendants disagree with the Court's conclusion does support a grant of reconsideration.

Accordingly, the motion for reargument is DENIED.

Counsel are reminded that by September 21, 2023, they must file their proposed civil case discovery plan and scheduling order, and that the Court will conduct an initial conference on September 28, 2023, at 12:00 p.m., in Courtroom 620 at the White Plains Courthouse.  (Doc. #53).

The Clerk is instructed to terminate the motion.  (Doc. #54).

Dated: September 8, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge